```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,    )
          Plaintiff,         )
                             )
     v.                      )   CRIMINAL NO. 04-10001-RGS
                             )
ARI ALVES TEIXEIRA,          )
          Defendant.         )
```

**MOTION AND BRIEF OF THE UNITED STATES**
**FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461(c).  A proposed Preliminary Order is submitted herewith.  In support thereof, the United States sets forth the following:

　　1.　On or about January 7, 2004, a federal grand jury sitting in the District of Massachusetts returned an eight count Indictment charging defendant Ari Alves Teixeira (the "Defendant"), with the following violations:  Producing False Identification Documents, in violation of 18 U.S.C. § 1028(a)(1) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Counts One, Three, and Five); Transferring False Identification Documents, in violation of 18 U.S.C. § 1028 (a)(2) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Counts Two, Four, and Six); Possession of Document-Making

Implements for Production of False Identification Documents, in violation of 18 U.S.C. § 1028(a)(5) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Count Seven); and Criminal Forfeiture, pursuant to 18 U.S.C. § 1028(b)(5), 18 U.S.C. §§ 981(a)(1)(c), and 982(a)(2)(B), and 28 U.S.C. § 2461(c), (Count Eight).

    2.   The Indictment sought the forfeiture, as a result of committing one or more of the false identification document offenses alleged in Counts One through Seven of the Indictment, of (1) any personal property used or intended to be used to commit the offense, pursuant to 18 U.S.C. § 1028(b)(5); (2) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of one or more of the offenses, pursuant to 18 U.S.C. § 982(a)(2)(B); and (3) any property, real or personal, which constitutes or is derived from proceeds traceable to one or more of the offenses, pursuant to 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. § 2461(c).  Such property includes, but is not limited to, the following assets seized from Apartment 1, 58 Copeland Street, Quincy, Massachusetts, on or about December 17, 2003:

        (a)   Any and all equipment including, but not limited to, computers, including an HP Pavilion Central Processing Unit, and printers/scanners/copiers, including an HP PSC; and

        (b)   Approximately $2,000.00 in United States Currency.

3.   On or about May 6, 2004, the Defendant filed a Seized Asset Claim Form with U.S. Customs and Border Protection claiming ownership of $1,000.00 in United States Currency seized on or about December 17, 2003 from Apartment #1, 58 Copeland Street, Quincy, Massachusetts (the "Defendant Currency").

4.   On or about May 17, 2004, the Defendant filed a Memorandum of Points and Authorities Regarding Defendant's Request to Tender a Change of Plea Pursuant to North Carolina v. Alford.  At a change of plea hearing on May 18, 2004, the Court allowed the Defendant to enter a plea of no contest to Counts One through Seven of the Indictment.  Based on this plea, the Defendant specifically forfeits to the United States the Defendant Currency.

5.   Further, and in accordance with the Indictment, if any of the Defendant's assets that are subject to forfeiture, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Defendant Currency, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(2).

6.   By virtue of the Defendant's no contest plea and

pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 982, and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Currency, or substitute assets in a value up to the value of the Defendant Currency. See Rule 32.2(b)(2); 21 U.S.C. § 853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

7.   Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Defendant Currency and will publish notice in a newspaper of general circulation of the Court's Order and of the Unites States' intent to dispose of the Defendant Currency in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982.

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the Defendant Currency in the form submitted herewith.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney,

                              /s/Kristina E. Barclay
                              SETH P. BERMAN
                              KRISTINA E. BARCLAY
                              Assistant U.S. Attorneys
                              United States Courthouse
                              Suite 9200
                              1 Courthouse Way
                              Boston, MA 02210
Date: August 3, 2004          (617) 748-3100
```

CERTIFICATE OF SERVICE

I certify that I have served a true copy of the foregoing upon George F. Gromley, Esquire, 655 Summer Street, Boston, Massachusetts 02210, as counsel for Defendant Ari Alves Teixeira, by first class mail.

```
                              /s/Kristina E. Barclay
                              KRISTINA E. BARCLAY
                              Assistant U.S. Attorney
```

Dated: August 3, 2004