UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,    )
          Plaintiff,         )
                             )
     v.                      )    CRIMINAL NO. 04-10001-RGS
                             )
ARI ALVES TEIXEIRA,          )
          Defendant.         )
```

**PRELIMINARY ORDER OF FORFEITURE**

**STEARNS, D.J.**,

WHEREAS, on or about January 7, 2004, a federal grand jury sitting in the District of Massachusetts returned an Eight Count Indictment charging defendant Ari Alves Teixeira (the "Defendant" or "Teixeira"), with the following violations: Producing False Identification Documents, in violation of 18 U.S.C. § 1028(a)(1) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Counts One, Three, and Five); Transferring False Identification Documents, in violation of 18 U.S.C. § 1028 (a)(2) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Counts Two, Four, and Six); Possession of Document-Making Implements for Production of False Identification Documents, in violation of 18 U.S.C. § 1028(a)(5) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Count Seven); and Criminal Forfeiture, pursuant to 18 U.S.C. § 1028(b)(5), 18 U.S.C. §§ 981(a)(1)(c), and 982(a)(2)(B), and 28 U.S.C. § 2461(c), (Count Eight).

AND WHEREAS, the Indictment sought the forfeiture, as a result of committing one or more of the false identification

document offenses alleged in Counts One through Seven of the Indictment, of (1) any personal property used or intended to be used to commit the offense, pursuant to 18 U.S.C. § 1028(b)(5); (2) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of one or more of the offenses, pursuant to 18 U.S.C. § 982(a)(2)(B); and (3) any property, real or personal, which constitutes or is derived from proceeds traceable to one or more of the offenses, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c).  Such property includes, but is not limited to, the following assets seized from Apartment #1, 58 Copeland Street, Quincy, Massachusetts, on or about December 17, 2003:

    (a) Any and all equipment including, but not limited to, computers, including an HP Pavilion Central Processing Unit, and printers/scanners/copiers, including an HP PSC; and

    (b) Approximately $2,000.00 in United States Currency.

AND WHEREAS, on or about May 6, 2004, the Defendant filed a Seized Asset Claim Form with U.S. Customs and Border Protection claiming ownership of $1,000.00 in United States Currency seized on or about December 17, 2003 from Apartment #1, 58 Copeland Street, Quincy, Massachusetts (the "Defendant Currency").

AND WHEREAS, on or about May 18, 2004, the Defendant entered a plea of no contest to Counts One through Seven of the Indictment.  Based on this plea, the Defendant specifically forfeits to the United States the Defendant Currency.

AND WHEREAS, by virtue of the Defendant's no contest plea and pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 982, and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Currency, or substitute assets in a value up to the value of the Defendant Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. Based upon the conviction of the Defendant, the United States is hereby authorized to seize the Defendant Currency and it is hereby forfeited to the United States of America for disposition pursuant to the provisions of 21 U.S.C. § 853(h), as incorporated by 18 U.S.C. § 982.

2. The Defendant Currency is to be seized and held by the United States in its secure custody and control.

3. Pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982, the United States shall take any other appropriate steps, pursuant to the applicable provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982, to seize, forfeit, and dispose of the Defendant Currency, giving notice as required by law.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982, the United States shall publish at least once for three successive weeks in the <u>Boston Herald</u>, or any other newspaper of general circulation in the District in which the Defendant Currency is located, notice of this Order and of the intent of the United States to dispose of the forfeited Defendant

Currency in such manner as the Attorney General may direct.

    5.   Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Defendant Currency to be forfeited.

    6.   Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 982, the notice referred to in paragraphs 4 and 5, above, shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Defendant Currency shall within thirty (30) days of the final publication of notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court for the District of Massachusetts and serve same upon the United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, requesting a hearing to adjudicate the validity of his or her interest in the Defendant Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Defendant Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Defendant Currency, any additional facts supporting the petitioner's claim, and the relief sought.

    7.   Pursuant to 21 U.S.C. § 853(n)(6) and (7), as incorporated by 18 U.S.C. § 982, following the Court's disposition of all petitions filed under this subsection, or, if

no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982, for the filing of such petitions, the United States of America shall have clear title to the forfeited Defendant Currency.

8.  Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982, in which all interests will be addressed.

 

                                                RICHARD G. STEARNS
                                              United States District Judge

Date: