UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>        Plaintiff,  )<br>                    )<br>v.                  )   CRIMINAL NO. 04-10001-RGS<br>                    )<br>ARI ALVES TEIXEIRA,     )<br>        Defendant.  ) | |

## MOTION FOR FINAL ORDER OF FORFEITURE

The United States of America, by its Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves that this Court issue a Final Order of Forfeiture in the above-captioned case, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982. In support thereof, the United States sets forth the following:

1. On or about January 7, 2004, a federal grand jury sitting in the District of Massachusetts returned an Eight Count Indictment charging defendant Ari Alves Teixeira (the "Defendant" or "Teixeira"), with the following violations: Producing False Identification Documents, in violation of 18 U.S.C. § 1028(a)(1) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Counts One, Three, and Five); Transferring False Identification Documents, in violation of 18 U.S.C. § 1028(a)(2) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Counts Two, Four, and Six); Possession of Document-Making Implements for Production of False Identification Documents, in

*[handwritten in left margin: Allowed. R.D. Stearns DJ 4-11-05.]*

violation of 18 U.S.C. § 1028(a)(5) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Count Seven); and Criminal Forfeiture, pursuant to 18 U.S.C. § 1028(b)(5), 18 U.S.C. §§ 981(a)(1)(c), and 982(a)(2)(B), and 28 U.S.C. § 2461(c), (Count Eight).

    2.   The Indictment sought the forfeiture, as a result of committing one or more of the false identification document offenses alleged in Counts One through Seven of the Indictment, of (1) any personal property used or intended to be used to commit the offense, pursuant to 18 U.S.C. § 1028(b)(5); (2) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of one or more of the offenses, pursuant to 18 U.S.C. § 982(a)(2)(B); and (3) any property, real or personal, which constitutes or is derived from proceeds traceable to one or more of the offenses, pursuant to 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. § 2461(c). Such property includes, but is not limited to, the following assets seized from Apartment 1, 58 Copeland Street, Quincy, Massachusetts, on or about December 17, 2003:

    (a)   Any and all equipment including, but not limited to, computers, including an HP Pavilion Central Processing Unit, and printers/scanners/copiers, including an HP PSC; and

    (b)   Approximately $2,000.00 in United States Currency.

    3.   On or about May 6, 2004, the Defendant filed a Seized Asset Claim Form with U.S. Customs and Border Protection claiming

ownership of $1,000.00 in United States Currency seized on or about December 17, 2003, from Apartment #1, 58 Copeland Street, Quincy, Massachusetts (the "Defendant Currency").

4. On or about May 17, 2004, the Defendant filed a Memorandum of Points and Authorities Regarding Defendant's Request to Tender a Change of Plea Pursuant to <u>North Carolina v. Alford</u>.

5. On or about May 18, 2004, at a change of plea hearing, the Court allowed the Defendant to enter a plea of no contest to Counts One through Seven of the Indictment. Based on this plea, the Defendant specifically forfeited, to the United States, the Defendant Currency.

6. On or about July 8, 2004, a sentencing hearing was held whereby Teixeira was convicted of Counts One through Seven of the Indictment and was sentenced to time served on each of the seven counts, along with a sentence of two years supervised release.

7. On or about July 23, 2004, this Court issued a Judgment in a Criminal Case, and declared that Teixeira shall forfeit the Defendant Currency to the United States, as the Defendant Currency was subject to forfeiture based upon the Defendant's conviction.

8. On or about August 9, 2004, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 982, and Rule 32.2 of the Federal

Rules of Criminal Procedure, against the Defendant's interests in the Defendant Currency.

9. On December 16, 2004, December 23, 2004, and December 30, 2004, a Notice of Order of Forfeiture was published in the Boston Herald Newspaper pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982 (see Exhibit A attached hereto).

10. By virtue of the Defendant's guilty plea and subsequent conviction on Counts One through Seven of the Indictment, the United States is now entitled to any and all interest the Defendant has in the Defendant Currency.

11. To date, no other claims of interest in the Defendant Currency have been filed with the Court and the time within which to do so has expired.

WHEREFORE, the United States respectfully requests that this Court enter a Final Order of Forfeiture against the Defendant Currency. A Proposed Order is submitted herewith for the convenience of the Court.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

BY:      /s/ Kristina E. Barclay
           KRISTINA E. BARCLAY
           SETH P. BERMAN
           Assistant U.S. Attorneys
           1 Courthouse Way, Suite 9200
           Boston, MA  02210
           Telephone: (617) 748-3100

Date:  April 8, 2005

## CERTIFICATE OF SERVICE

I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing Motion for Final Order of Forfeiture, as well as a proposed Final Order of Forfeiture, was served upon George F. Gromley, Esquire, 655 Summer Street, Boston, Massachusetts 02210, as counsel for Defendant Ari Alves Teixeira, by first class mail, postage prepaid.

/s/ Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney

Date:  April 8, 2005

N:\LTalbot\Barclay\Teixeira\(M) for Final Order of Forfeiture (Teixeira).wpd



## Department of the Treasury
*Federal Law Enforcement Agencies*
### PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER<br>CA No. 04-10001-RGS |
|---|---|
| DEFENDANT(s)<br>MARCOS PITH DEOLIVEIRA ROCHA, a/k/a LUCAS VALDARES, and ARI ALVES TEIXEIRA | TYPE OF PROCESS<br>Preliminary Order of Forfeiture |

| SERVE AT | Name Of Individual,Company,Corporation,Etc. to Serve or Description of Property to Seize<br>PUBLICATION |
|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) |

| Send NOTICE OF SERVICE copy to Requester:<br><br>KRISTINA E. BARCLAY, ASSISTANT U.S. ATTORNEY<br>UNITED STATES ATTORNEY'S OFFICE<br>John Joseph Moakley United States Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, Massachusetts 02210 | Number Of Process To Be Served In This Case. | |
|---|---|---|
| | Number Of Parties To Be Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Please publish the attached Notice of Order of Forfeiture at least once for three (3) successive weeks in the <u>Boston Herald</u> or any other newspaper of general circulation in the District of Massachusetts, in accordance with the attached Preliminary Orders of Forfeiture and applicable law.

LJT x3364

| Signature of Attorney or other Originator requesting service on behalf of | [X] Plaintiff<br>[ ] Defendant | Telephone No.<br>(617) 748-3100 | Date<br>Dec. 7, 2004 |
|---|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | | Date |

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. | District to Serve No. | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [ ] PERSONALLY SERVED, [ ] HAVE LEGAL EVIDENCE OF SERVICE, [X] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[ ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [ ] A Person of suitable age and discretion then residing in the defendant's usual place of abode. | | |
|---|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service | Time of Service | [ ] AM<br>[ ] PM |
| | Please see Remarks Section below | | |
| | Signature, Title and Treasury Agency<br>Stephen P. Leonard, Forfeitures Officer<br>U.S. Customs and Border Protection | JAN 20, 2005 | |

**REMARKS:** The above described Order was published in the <u>Boston Herald</u> newspaper as instructed above. Published on December 16, 23 and 30, 2004. A copy of the Publisher's Certificate is attached.

TD F 90-22.48 (6/96)

[ ] RETURN TO COURT   [ ] FOR CASE FILE   [ ] LEAVE AT PLACE OF SERVICE   [ ] FILE C

# PUBLISHER'S CERTIFICATE

Commonwealth of Massachusetts } ss.
County of Suffolk

On this __5th__ day of __January__ A.D. 20__05__ personally appeared before the undersigned, a Notary Public, within and for the said county, __Judith A. Presutti__

of the __Boston Herald__ a newspaper published by Boston Herald, Inc., in Boston, County of Suffolk, in the Commonwealth of Massachusetts, and who being duly sworn, states on oath that the

__Crim # 04-10001-RGS__ advertisement was published in said newspaper in its issues of

__Dec 16, 23, 30__ A.D. 20 __04__

Subscribed and sworn to before me this __January__

day of __5th__ A.D. 20__05__

_Shirley A. Schup_
Notary Public
My Commission expires July 22, 20__