UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10001-RGS |
| ) | |
| ARI ALVES TEIXEIRA, ) | |
| Defendant. ) | |

**FINAL ORDER OF FORFEITURE**

STEARNS, D.J.,

WHEREAS, on or about January 7, 2004, a federal grand jury sitting in the District of Massachusetts returned an Eight Count Indictment charging defendant Ari Alves Teixeira (the "Defendant" or "Teixeira"), with the following violations: Producing False Identification Documents, in violation of 18 U.S.C. § 1028(a)(1) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Counts One, Three, and Five); Transferring False Identification Documents, in violation of 18 U.S.C. § 1028 (a)(2) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Counts Two, Four, and Six); and Possession of Document-Making Implements for Production of False Identification Documents, in violation of 18 U.S.C. § 1028(a)(5) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Count Seven);

AND WHEREAS, the Indictment also included a Forfeiture Count, charging the Defendant with Criminal Forfeiture, pursuant to 18 U.S.C. § 1028(b)(5), 18 U.S.C. §§ 981(a)(1)(c), and

982(a)(2)(B), and 28 U.S.C. § 2461(c), (Count Eight);

AND WHEREAS, the Indictment sought the forfeiture, as a result of committing one or more of the false identification document offenses alleged in Counts One through Seven of the Indictment, of (1) any personal property used or intended to be used to commit the offense, pursuant to 18 U.S.C. § 1028(b)(5); (2) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of one or more of the offenses, pursuant to 18 U.S.C. § 982(a)(2)(B); and (3) any property, real or personal, which constitutes or is derived from proceeds traceable to one or more of the offenses, pursuant to 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. § 2461(c), including, but not limited to, the following assets seized from Apartment 1, 58 Copeland Street, Quincy, Massachusetts, on or about December 17, 2003:

    (a)    Any and all equipment including, but not limited to, computers, including an HP Pavilion Central Processing Unit, and printers/scanners/copiers, including an HP PSC; and

    (b)    Approximately $2,000.00 in United States Currency;

AND WHEREAS, on or about May 6, 2004, the Defendant filed a Seized Asset Claim Form with U.S. Customs and Border Protection claiming ownership of $1,000.00 in United States Currency seized on or about December 17, 2003, from Apartment #1, 58 Copeland Street, Quincy, Massachusetts (the "Defendant Currency");

AND WHEREAS, on or about May 17, 2004, the Defendant filed a

Memorandum of Points and Authorities Regarding Defendant's Request to Tender a Change of Plea Pursuant to <u>North Carolina v. Alford</u>;

AND WHEREAS, on or about May 18, 2004, at a change of plea hearing, the Court allowed the Defendant to enter a plea of no contest to Counts One through Seven of the Indictment, and based on this plea, the Defendant specifically forfeited, to the United States, the Defendant Currency;

AND WHEREAS, on or about July 8, 2004, a sentencing hearing was held whereby Teixeira was convicted of Counts One through Seven of the Indictment and was sentenced to time served on each of the seven counts, along with a sentence of two years supervised release;

AND WHEREAS, on or about July 23, 2004, this Court issued a Judgment in a Criminal Case, and declared that Teixeira shall forfeit the Defendant Currency to the United States, as the Defendant Currency was subject to forfeiture based upon the Defendant's conviction;

AND WHEREAS, on or about August 9, 2004, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 982, and Rule 32.2 of the Federal Rules of Criminal Procedure, against the Defendant's interests in the Defendant Currency;

AND WHEREAS, on December 16, 2004, December 23, 2004, and

December 30, 2004, a Notice of Order of Forfeiture was published in the <u>Boston Herald</u> Newspaper pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982;

AND WHEREAS, by virtue of the Defendant's guilty plea and subsequent conviction on Counts One through Seven of the Indictment, the United States is now entitled to any and all interest the Defendant has in the Defendant Currency;

AND WHEREAS, to date, no other claims of interest in the Defendant Currency have been filed with the Court and the time within which to do so has expired.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.   The United States' Motion for a Final Order of Forfeiture is allowed.

2.   The United States of America is now entitled to the forfeiture of all right, title or interest in the Defendant Currency and it is hereby forfeited to the United States of America pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982.

3.   Any parties having any right, title or interest in the Defendant Currency are hereby held in default.

4.  The United States is hereby authorized to dispose of the Defendant Currency in accordance with applicable law.

DONE AND ORDERED in Boston, Massachusetts, this  11th  day of  April , 2005.

Dated:

/s/ Richard G. Stearns
RICHARD G. STEARNS
United States District Judge